## R. T. CARMACK *v.* CHECK & DENT.

**Validity of Mortgage.**
> Where the terms of a mortgage are plain and unmistakable, and the signature of the mortgagor and her acknowledgment are unquestioned, it is conclusive, and will not be varied because the mortgagor believed that the agreement was other than that plainly recited in the mortgage.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 6, 1880.

OPINION BY JUDGE PRYOR:

The evidence conducing to establish the fraudulent representations in reference to the liability of appellant is not sufficient to invalidate the mortgage or to reform that instrument. The language of the mortgage is plain and unmistakable, and with the signature of the appellant thereto and her acknowledgment before the clerk it must be regarded as conclusive. It is true the mortgagors all say after the condition has been broken that they did not understand it, and the agreement was other than that plainly recited in the instrument, and furthermore that the clerk failed to read and explain it; still, it would be exceedingly dangerous to permit agreements reduced to writing, acknowledged and recorded to be nullified by this sort of proof, and no such precedent should be established.

There is no doubt but that Mrs. Carmack thought her property was liable for only one-half, Mrs. Elkton having mortgaged her property also to secure the same debt, and such would have been the result if the property mortgaged by Elkton could have contributed to the payment. Mrs. Elkton's property was to be equally liable with the appellants,—so the appellant says she understood it, and no doubt such was the agreement. It is true the appellant explains and says that her property was only to be liable for one-half, and this is what she meant by being equally liable; yet it is evident that this qualify-

ing answer was more the result of the manner in which the question was asked, than the knowledge the witness had of the transaction; but whether so or not the proof is not sufficient to authorize the chancellor to disturb the mortgage.

Judgment *affirmed.*

*Simcrall & Bodley, for appellants.   T. B. Fairleigh, for appellees.*